# EXHIBIT A
*State Court Documents*

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | |
| CAROLINE WORTHY ) | CIVIL ACTION COVERSHEET |
| Plaintiff, ) | |
| ) | 2018-CP-10-4561 |
| vs. ) | |
| STATE FARM FIRE AND CASUALTY COMPANY; MATT SCHWARTZ; ZANDRA SUMLIN; and UNKNOWN MANAGERS, ADMINISTRATORS, AND ADJUSTERS OF DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY (Collectively Referred to as Defendants Doe) ) | |
| Defendants. ) | |

(Please Print)
Submitted By: **J. Camden Hodge    / Roy T. Willey IV / Eric M. Poulin**
Address: **32 Ann Street, Charleston, SC 29403**

SC Bar #: 100638 / 101010 / 100209
Telephone #: (843)614-8888
Fax #: (843)853-2291
Other:
E-mail: camden@akimlawfirm.com /
roy@akimlawfirm.com /
eric@akimlwfirm.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| Special/Complex /Other | | | ☐ Employment Security Comm (991) |
| ☐ Environmental (600)    ☐ Pharmaceuticals (630) | | | |

1

| | | |
|---|---|---|
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | |
| | ☐ Sexual Predator (510) | |

**Submitting Party Signature:** _S/J. Cowden Hodge (w/ Express permiss)_  **Date:** September 19, 2018

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;
    b. Requests for temporary relief;
    c. Appeals;
    d. Post Conviction relief matters;
    e. Contempt of Court proceedings;
    f. Forfeiture proceedings brought by governmental entities;
    g. Mortgage foreclosures; and
    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute;

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:   You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

3

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA )<br>COUNTY OF CHARLESTON )<br>)<br>CAROLINE WORTHY,<br><br>Plaintiff,<br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY; MATT SCHWARTZ;<br>ZANDRA SUMLIN; and UNKNOWN<br>MANAGERS, ADMINISTRATORS,<br>AND ADJUSTERS OF DEFENDANT<br>STATE FARM FIRE AND CASUALTY<br>COMPANY (Collectively Referred to as<br>Defendants Doe),<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>FOR THE 9TH JUDICIAL CIRCUIT<br>CASE NO: 2018-CP-10-4561<br><br><br>**SUMMONS**<br>**(Jury Trial Demanded)** |



**TO THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or her attorneys, J. Camden Hodge, Roy T. Willey, IV, and Eric M. Poulin, at their office 32 Ann Street, Charleston, South Carolina, 29403, within (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for the relief demanded in the Complaint.

Dated at Charleston, South Carolina on the 19th day of September, 2018.

[Signature Block on Following Page]

ANASTOPOULO LAW FIRM, LLC

*[signature]*

J. Camden Hodge, Esquire
S.C. Bar No.: 100638
Eric M. Poulin
S.C. Bar No.: 100209
Roy T. Willey IV
S.C. Bar No.: 101010
Anastopoulo Law Firm, LLC
32 Ann Street
Charleston, South Carolina 29403
(843) 614-8888

Dated at Charleston, SC

This 19th day of September, 2018.

| IN THE STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF CHARLESTON ) | FOR THE 9TH JUDICIAL CIRCUIT |
| ) | CASE NO: 2018-CP-10-4561 |

CAROLINE WORTHY,

          Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY; MATT SCHWARTZ; ZANDRA SUMLIN; and UNKNOWN MANAGERS, ADMINISTRATORS, AND ADJUSTERS OF DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY (Collectively Referred to as Defendants Doe),

          Defendants.

**COMPLAINT**
**(Jury Trial Demanded)**



The Plaintiff, complaining of the Defendants, alleges and says as follows:

1. That the Plaintiff, Caroline Worthy, (herein referred to as "Plaintiff") is a citizen and resident of Charleston County, State of South Carolina.

2. Defendant State Farm Fire and Casualty Company (herein referred to as "Defendant" or "State Farm") is an insurance company organized and existing under the laws of a state other than the State of South Carolina and is licensed to do business in South Carolina; Defendant State Farm writes insurance policies insuring real property located in Charleston County, South Carolina.

3. Upon information and belief, Defendants Matt Schwartz and Zandra Sumlin are citizens and residents of the State of South Carolina.

4. Upon information and belief, Defendants Doe, the unknown and unidentified managers, administrators, and adjusters, are citizens and residents of the State of South Carolina.

1

5. Defendant State Farm is subject to this Court's specific personal jurisdiction pursuant to the South Carolina Long Arm Statute, S.C. Code Ann. § 36-2-803.

6. The most substantial part of the acts and/or omissions giving rise to the cause of action stated herein occurred in Charleston County, State of South Carolina.

7. At all times relevant hereto, Defendants Schwartz, Sumlin, and Doe were servants, agents, or employees of Defendant State Farm, and were acting within the course and scope of said service, agency, or employment, thereby making Defendant State Farm liable for the acts or omissions of Defendants Schwartz, Sumlin, and Doe under the theory of *respondeat superior*.

8. On or about October 3, 2015, the Plaintiff's personal property, located at 138 South Battery Street, Charleston, South Carolina, was damaged by a severe, sustained windstorm/thunderstorm.

9. That on or about October 3, 2015, the direct force of the wind damaged the garage, causing an opening in a roof and/or wall(s) of the garage.

10. That on or about October 3, 2015, due to the direct force of the wind which caused opening(s) in the roof and/or wall(s) of the garage, torrential rains entered through said opening.

11. As a direct and proximate result of the above, Plaintiff's property contained within the residence, including but not limited to portraits, artwork, fixtures, antiques, furniture, and clothing, was damaged and/or destroyed.

12. That prior to October 3, 2015, Defendant State Farm contracted with Plaintiff to insure the Plaintiff's property against this type of damage for consideration received, as evidenced by the insurance policy numbered 40-BX-G515-7.

13. That prior to October 3, 2015, Plaintiff was the named insured on said policy of insurance, and that on October 3, 2015, said policy was in full force and effect.

14. That the issuance of this insurance policy by Defendant State Farm created a mutually binding contract of insurance between the Plaintiff and the Defendant and gave rise to a contractual relationship between the Plaintiff and the Defendant.

15. After the above-describe incident, the Plaintiff submitted a claim for damages to Defendant State Farm in accordance with the requirements of the insurance policy referenced herein.

16. That Defendant State Farm initially agreed to make payment for the extent of the damages.

17. That Defendant State Farm actually made partial payment to Plaintiff recognizing the covered loss.

18. That Defendant State Farm since has refused and still refuses to fully compensate the Plaintiff for benefits due under the contract for Plaintiff's loss and damages.

## FOR A FIRST CAUSE OF ACTION
**(Bad Faith Denial of Insurance Benefits Against Defendant State Farm Only)**

19. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

20. South Carolina recognizes a tort cause of action for bad faith failure to pay first party insurance benefits. *See, e.g. Nichols v. State Farm Mut. Auto. Inc. Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983).

21. Defendant State Farm's failure to pay benefits to Plaintiff violated the insurance policy.

22. Under the insurance policy, Defendant State Farm owed to the Plaintiff a duty to act in good faith and to deal fairly; Defendant State Farm breached this duty when it

3

negligently, willfully, recklessly, unreasonably, without just cause, and/or in bad faith refused to pay benefits due under the Policy.

23. By reason of Defendant State Farm's conduct, Plaintiff directly and proximately suffered actual damages including, but not limited to, loss of insurance benefits, loss of use of insurance benefits, mental anguish, unnecessary litigation expenses, and other consequential damages as set forth herein.

24. Plaintiff is entitled to a judgment against Defendant State Farm for the full amount of her damages, including all actual and consequential damages.

25. Defendant State Farm's conduct also warrants an award of punitive damages.

26. Because of Defendant State Farm's conduct, Plaintiff is also entitled to an award of attorneys' fees against Defendant State Farm pursuant to S.C. Code Ann. § 38-59-40.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract Against Defendant State Farm)

27. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

28. Defendant State Farm's conduct as described above was in violation of the insurance policy and constitutes a breach of contract.

29. As a direct and proximate result of Defendant State Farm's breach of contract, Plaintiff has sustained damages as set forth herein.

30. Plaintiff is entitled to a judgment against Defendant State Farm for the full amount of her actual damages and attorneys' fees.

## FOR A THIRD CAUSE OF ACTION
### (Negligence Against All Defendants)

31. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

32. Defendant State Farm and Defendants Schwartz, Sumlin, and Doe (as in-house insurance adjusters, managers, or administrators) owed Plaintiff certain duties to properly handle Plaintiff's claims arising out of the special relationship and confidence of trust placed on them by Plaintiff, and the covenant and duty of good faith and fair dealing implied as a matter of law in contracts of insurance; Defendants also owed Plaintiff a duty arising under the law of barratry not to force Plaintiff to maintain a lawsuit that forces Plaintiff to incur legal fees.

33. Defendant State Farm and Defendants Schwartz, Sumlin, and Doe were negligent, reckless, grossly negligent, willful and wanton in their investigation and handling of Plaintiff's claim in one or more of the following particulars:

    a. In failing to offer to pay the amount of their evaluation of the claim;
    b. In failing to make an appropriate offer to Plaintiff after being put on notice of all relevant facts and information upon which to provide a good faith response to the same;
    c. Upon information and belief, in considering improper factors when evaluating the claim and forcing Plaintiff to file suit;
    d. In forcing Plaintiff to file suit by not making a reasonable offer while knowing the great likelihood that Plaintiff's property would sustain further damage;
    e. In using tactics to delay Plaintiff's claim, causing Plaintiff mental anguish;
    f. In failing to make a reasonable offer when they had no reasonable basis upon which to do so;

    g. In failing to evaluate the claim properly given the information then available;

    h. Upon information and belief, in violating their own policies, procedures, and/or guidelines regarding the investigation and handling of similar claims;

    i. In failing to exercise the degree of care, caution, and good faith that a reasonably prudent insurance carrier, manager, or adjuster would exercise under the same or similar circumstances;

    j. In placing their own interest ahead of those of the insured; and

    k. In failing to place the insured's interests ahead of those of Defendants.

34. By reason of Defendants' negligence, recklessness, gross negligence, willfulness, and wantonness, Plaintiff directly and proximately suffered actual damages including, but not limited to, loss of insurance benefits, loss of use of insurance benefits, mental anguish, consequential damages, and other damages as set forth above.

35. Plaintiff is entitled to a judgment against Defendants for the full amount of her actual damages, as well as for punitive damages.

### FOR A FOURTH CAUSE OF ACTION
### (Civil Conspiracy Against All Defendants)

36. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

37. A combination of Defendants Doe and Defendants Schwartz and Sumlin conspired to injure Plaintiff. Defendants had a common design or plan to make an example out of Plaintiff's case to show other claimants and attorneys that Defendant State Farm will not settle but will instead force claimants to file suit regardless of the legitimacy of the claimant's injuries and damages and to postpone and delay payment of Plaintiff's claim,

thereby causing Plaintiff's property to sustain additional damage with the intent to force Plaintiff to settle for less than the full amount of Plaintiff's claim.

38. A combination of Defendants Doe and Defendants Schwarz and Sumlin conspired to act in furtherance of said design or plan for the purpose of injuring Plaintiff by failing and refusing to settle her claim when Defendants knew the severity of the damage to Plaintiff's property.

39. As a direct and proximate result of Defendants' civil conspiracy, Plaintiff has suffered damages as described above, as well as special damages including but not limited to loss of insurance benefits, loss of use of insurance benefits, mental anxiety, and litigation expenses.

40. Plaintiff is also entitled to punitive damages because Defendants acted with actual malice in planning their course of action and exercising their course of action against Plaintiff.

### FOR A FIFTH CAUSE OF ACTION
### (Barratry Against All Defendants)

41. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

42. Defendants willfully invited and forced Plaintiff to bring, prosecute, and maintain an action at law in the Charleston County Court of Common Pleas, State of South Carolina, with intent to distress and harass Plaintiff.

43. Defendants committed these acts against Plaintiff in total disregard of our judicial system and the concept of judicial economy.

44. Defendants thereby committed barratry against Plaintiff and directly and proximately caused great damage to Plaintiff as described above.

## FOR A SIXTH CAUSE OF ACTION
(Outrage)

45. Plaintiff re-alleges and incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

46. Defendants, by and through the acts and/or omissions of their agents, servants, and/or employees, intentionally or recklessly inflicted severe emotional distress on the Plaintiff, or the Defendants were substantially certain that their actions would cause Plaintiff to suffer severe emotional distress.

47. Defendants' extreme, outrageous, and atrocious actions exceeded all possible bounds of decency and are intolerable in a civilized community.

48. As a direct and proximate result of the Defendants' outrageous conduct, the Plaintiff has suffered extreme and severe emotional distress, nervousness, and anxiety and other damages as described above.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages, attorneys' fees, for the costs and disbursements of this action, and for such other and further relief as this Court may deem just and proper.

[Signature Block on Following Page]

ANASTOPOULO LAW FIRM, LLC

_____
J. Camden Hodge, Esquire
S.C. Bar No.: 100638
Eric M. Poulin
S.C. Bar No.: 100209
Roy T. Willey IV
S.C. Bar No.: 101010
Anastopoulo Law Firm, LLC
32 Ann Street
Charleston, South Carolina 29403
(843) 614-8888
Attorneys for Plaintiff

Dated at Charleston, SC

This 19th day of September, 2018.



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director



October 2, 2018

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
STATE FARM FIRE AND CASUALTY CO
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201-0000

Dear Sir:

On October 2, 2018, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. The claimant, within this service letter, provided the following additional information regarding this first party claim: POLICY/CLAIM NUMBER 40-BX-G515-7/40-679F-503. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 172133, Caroline Worthy v. STATE FARM FIRE AND CASUALTY CO, et al., 2018-CP-10-4561.

By:

*David E. Belton*

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    J. Camden Hodge
        32 Ann Street
        Charleston, SC   29403