IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| CAROLINE WORTHY, | ) | Civil Action No.  2:18-cv-02851-DCN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY; MATT SCHWARTZ; | ) | **JOINT RULE 26(f) REPORT** |
| ZANDRA SUMLIN; and UNKNOWN | ) | |
| MANAGERS, ADMINISTRATORS, AND | ) | |
| ADJUSTERS OF DEFENDANT STATE | ) | |
| FARM FIRE AND CASUALTY | ) | |
| COMPANY (Collectively Referred to as | ) | |
| Defendants Doe), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to FRCP 26(f) and Local Civil Rule 26.03 the parties submit the following joint report:

## DISCOVERY PLAN

A.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?

**ANSWER:**    The parties will provide Rule 26(a)(1) disclosures by December 22, 2018.

B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

**ANSWER:**    The parties anticipate discovery on the subjects of the plaintiff's insurance claim and damages. It is not believed that it is necessary to conduct discovery in phases or to limit or focus discovery on particular issues at this time.

C.    Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**ANSWER:**    The parties do not anticipate any issues regarding these subjects.

D.    Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.

**ANSWER:**    The parties do not anticipate any such issues at this time.

E.    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

**ANSWER:**    The parties do not anticipate the need for changes in the limitations on discovery under these rules at this time.

F.    Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

**ANSWER:**    The parties do not at this time anticipate the need for any such orders.

#### INFORMATION REQUIRED UNDER LOCAL CIVIL RULE 26.03

1.    A short statement of the facts of the case.

**ANSWER:**    On October 3, 2015, the plaintiff alleges that her personal property was damaged by a storm.  The plaintiff made a claim with State Farm for this damage. The plaintiff contends that State Farm did not adequately honor her claim and that State Farm acted in bad faith. State Farm denies these allegations.

2.      The names of fact witnesses likely to be called by the party and a brief summary of

their expected testimony.

**ANSWER:**

(a)      Caroline Worthy – Ms. Worthy may testify with respect to her insurance
loss and dealings with State Farm.

(b)      State Farm – Various representatives of State Farm may testify with respect
to their communications with the plaintiff or her representatives and her
handling of the plaintiff's insurance claim.

3.      The names and subject matter of expert witnesses (if no witnesses have been

identified, the subject matter and field of expertise should be given as to experts likely to be

offered).

**ANSWER:**    State Farm nor Plaintiff have identified what experts they may call at this

time but will disclose all such experts in accordance with the scheduling order.

4.      A summary of the claims or defenses with statutory and/or case citation supporting

the same.

**ANSWER:**

Plaintiff:

South Carolina recognizes a tort cause of action for bad faith failure to pay first party insurance

benefits.  See, e.g., Nichols v. State Farm Mut. Auto. Inc. Co., 279 S.C. 336, 306 S.E.2d 616

(1983).  Nichols provides that "if an insured can demonstrate bad faith or unreasonable action by

the insurer in processing a claim under their mutually binding insurance contract, he can recover

consequential damages in a tort action." Id., 279 S.C. at 430, 306 S.E.2d at 619.  Further, actual

damages are not limited by the contract, and if Plaintiff can demonstrate the insurer's actions were

willful or in reckless disregard of the insured's rights, she can recover punitive damages.  Id.

Conspiracy is the conspiring or combining together to do an unlawful act to the detriment of

another or the doing of a lawful act in an unlawful way to the detriment of another. Charles v. Texas Company, 192 S.C. 82, 5 S.E.2d 464 (1939); Sams v. Brotherhood of Railway and Steamship Clerks, Sumter Lodge No. 6193, 166 F.Supp. 49 (E.D.S.C.), affirmed, 233 F.2d 263 (4th Cir. 1956).  To recover for a breach  of contract, Plaintiff must establish three elements by the preponderance of the evidence: (1) a binding contract entered into by the parties; (2) breach or unjustifiable failure to perform the contract; and (3) damage suffered as a direct and proximate result of the breach.  Fuller v. Eastern Fire & Cas. Ins. Co., 240 S.C. 75, 124 S.E.2d 602 (1962). In order to recover in a negligence action, the Plaintiff must show a duty of care owed by the Defendant to the Plaintiff; a breach of that duty by negligent act or omission; and damages proximately resulting from that breach.  Crolley v. Hutchins, 300 S.C. 355, 387.S.E.2d 716 (Ct.App. 1989).  Barratry is the offense of frequently exiting and stirring up quarrels and suits between other individuals.  State v. Chitty, 17 S.C.L. (1 Bail.) 379 (1830).

Defense:

If there is a reasonable ground for contesting a claim there is no bad faith.  Crossley v. State Farm Mutual Automobile Insurance Company, 415 S.E.2d 393 (S.C. 1992); Hansen v. United Services Automobile Association, 565 S.E.2d 114 (S.C. App. 2002)  Bad faith is a knowing failure on the part of the insurer to exercise an honest and informed judgment in processing a claim.  An insurer acts in bad faith when there is no reasonable basis to support its decision.  Doe v. South Carolina Medical Malpractice Association, 557 S.E.2d 670 (S.C. 2001)  Where an insurer has a reasonable ground for contesting a claim it is proper for the trial court to grant summary judgment on the bad faith claim.  Helena Chemical Company v. Lexington Insurance Company, 594 S.E.2d 455 (S.C. 2004).

4

5.      Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

(a)      Exchange of FRCP 26(a)(2) expert disclosures;

(b)      Completion of discovery.

**ANSWER:**     The proposed conference and scheduling order sets forth the dates for completion of discovery and expert disclosures.

6.      The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.

**ANSWER:**     The parties do not anticipate any special circumstances that will affect the time frames.

7.      The parties shall provide any additional information requested in the pre-scheduling order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER:**     There is no pre-scheduling order and the Court has not requested any additional information.


 s/ J. CAMDEN HODGE                              s/ ROBERT W. WHELAN
J. Camden Hodge                          Robert W. Whelan
Anastopoulo Law Firm, LLC                Nelson Mullins Riley & Scarborough LLP
32 Ann Street                            151 Meeting Street, Suite 600
Charleston, SC 29403                     Charleston, SC 29401

*Counsel for Plaintiff*                    *Counsel for State Farm Fire and Casualty*
                                         *Company*

Dated: December 7, 2018